| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION |

ELISA NORIEGA,

§

*Plaintiff,*

§
§
§

v.

§
§     No. _____

MAGNOLIA VOLUNTEER FIRE
DEPARTMENT AND
MONTGOMERY COUNTY
EMERGENCY SERVICES
DISTRICT NO. 10

§             Jury
§
§
§
§
§
§

*Defendant(s).*

## PLAINTIFF ELISA NORIEGA'S ORIGINAL COMPLAINT

Plaintiff Elisa Noriega (referred to as "Noriega") brings this action against Defendants Magnolia Volunteer Fire Department (referred to as "MVFD") and Montgomery County Emergency Services District No. 10 (referred to as "MCESD") (collectively referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e-2000e-17, ("Title VII") and the Texas Commission on Human Rights Act, Tex. Lab. Code ch. 21 ("TCHRA").

### I. Nature of Suit

1.     Noriega's claims arise under Title VII and the TCHRA.

2.      Title VII was enacted to prohibit employment discrimination based on race, color, religion, sex and national origin. *See*, 42 U.S.C. § 2000e-2; *see also*, 29 C.F.R. § 1608.1(b) ("Congress enacted title VII in order to improve the economic and social conditions of minorities and women by providing equality of opportunity in the workplace.").

3.      The TCHRA was enacted to "secure for persons in [Texas] … freedom from discrimination in certain employment transactions[ and] to protect their personal dignity[.]" Tex. Lab. Code § 21.001(4).

4.      MVFD and MCESD violated Title VII and the TCHRA by discriminating against and harassing Noriega based on sex (female), and by retaliating against Noriega based on protected activity. *See*, 42 U.S.C. §§ 2000e-2(a)[, 42 U.S.C. § 2000e-3(a)]; Tex. Lab. Code §§ 21.051[, 21.055].

## II. Jurisdiction & Venue

5.      This action arises under a federal statute, Title VII. 28 U.S.C. § 1331 (federal-question jurisdiction).

6.      The Court has supplemental jurisdiction over Noriega's TCHRA claim(s) because it is so related to the Title VII claim that they form part of the same case or controversy under U.S. Const. art. III. 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7.     Venue is proper in this district and division because MVFD and MCESD reside in this district and division. 28 U.S.C. § 1391(b)(1); *see also*, 42 U.S.C. § 2000e-5(f)(3) (Title VII lawsuit may be brought in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed[]").

### III. Parties

8.     Noriega is an individual who resides in Montgomery County Texas and who was employed by MVFD and MCESD.

9.     Defendant MVFD is a Texas nonprofit corporation that may be served with process by serving its registered agent:

> Alan W. Paulk
> 18215 Buddy Riley Road
> Magnolia, Texas 77354

Alternatively, if the registered agent of MVFD cannot with reasonable diligence be found at the company's registered office, MVFD may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

10.     Defendant MCESD is a political subdivision of the State of Texas that may be served that may be served with process by serving its counsel:

> John W. Peeler
> Coveler & Peeler, P.C.
> 820 Gessner St. Suite 1710,
> Houston, Texas 77024.

## IV.  Facts

11.    Defendant MVFD provides emergency services to the citizens located in MCESD No. 10.

12.    Defendant MCESD is a political subdivision that supports and provides local emergency, including emergency medical services, emergency ambulance services, rural fire prevention and control services, and other emergency services authorized by the Texas Legislature in a district that covers an area between Tomball, The Woodlands, Montgomery and Waller Counties.

13.    MVFD and MCESD do business in the territorial jurisdiction of this Court.

14.    Defendants MVFD and MCESD employed Noriega from approximately June 2019 until to December 31, 2021.

15.    During Noriega's employment with MVFD and MCESD, the organizations had fifteen or more employees for each working day in each of twenty or more calendar weeks.

16.    MVFD and MCESD employed Noriega as an Assistant Chief/Director of Communications.

17.    During her employment with MVFD and MCESD, Noriega was always dependable and always met (and usually exceeded) expectations.

18.    Noriega is a female.

19.    During Noriega's employment with MVFD and MCESD, the organization discriminated against her based on her gender, female.

20.    Employee of MVFD and MCESD are encouraged to continue their education, attend industry trainings and conferences.

21.    However, during her employment with MVFD and MCESD, she was denied training and certification opportunities as well as prohibited from attending trainings and conference while her male counterparts were allowed to continue their industry education by attending trainings and conferences.

22.    Noriega was intentionally excluded from Chief Hevey's meetings with her fellow male Assistant Chiefs.

23.    Noriega was denied opportunities and treated less favorably because she is female.

24.    In July of 2021, because MVFD and MCESD did not have a human resources department, Noriega complained to Larry Smith, MCESD's Board President, about the discriminatory treatment, but MVFD and MCESD did nothing.

25.    In November of 2021, Noriega complained directly to Chief Hevey about the discriminatory treatment, but MVFD and MCESD.

26.    Almost immediately after Noriega's complaint to Chief Hevey she was abruptly terminated.

27.    MVFD and MCESD's alleged legitimate non-discriminatory reason for Noriega's termination was that she had a class A misdemeanor conviction on her record.

28.    At the same time, there were and continue to be many male MVFD and MCESD employees that have class A misdemeanor conviction on their records that were not terminated.

29.    During Noriega's employment with MVFD and MCESD, she was subjected to unwelcome harassment based on her her gender, female.

30.    Specifically, employees of MVFD and MCESD are encouraged to continue their education, attend industry trainings and conferences.

31.    However, during Noriega's employment with MVFD and MCESD, she was denied training and certification opportunities as well as prohibited from attending trainings and conference while her male counterparts were allowed to continue their industry education by attending trainings and conferences.

32.    Noriega was intentionally excluded from Chief Hevey's meetings with her fellow male Assistant Chiefs.

33.   Ultimately Noriega was terminated for allegedly having a class A misdemeanor conviction while male employees with class A misdemeanor convictions were not terminated.

34.   The harassment was sufficiently severe or pervasive to affect a term, condition or privilege of Noriega's employment with MVFD and MCESD and/or to create a hostile or abusive work environment.

35.   MVFD and MCESD knew or should have known of the harassment and failed to take prompt remedial action.

36.   During Noriega's employment with MVFD and MCESD, MVFD and MCESD retaliated against him based on his protected activity.

37.   In July of 2021, because MVFD and MCESD did not have a human resources department, Noriega complained to Larry Smith, MCESD's Board President, about the discriminatory treatment, but MVFD and MCESD did nothing.

38.   In November of 2021, Noriega complained directly to Chief Hevey about the discriminatory treatment, but MVFD and MCESD.

39.   Because she did so, MVFD and MCESD she was terminated almost immediately.

40.     MVFD and MCESD acted with malice or reckless indifference to its employees' federally protected rights, including Noriega's federally protected rights, under Title VII and the TCHRA.

41.     MVFD and MCESD is liable to Noriega for her reasonable attorney's fees (including expert fees). *See*, 42 U.S.C. § 2000e-5(k); *see also*, Tex. Lab. Code § 21.259.

### V.  Count One—
### Discrimination Based on Sex in Violation of
### 42 U.S.C. § 2000e-2(a)

42.     Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

43.     MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

44.     During Noriega's employment with MVFD and MCESD, the organizations were covered by Title VII.

45.     Under Title VII, an employer commits an unlawful employment practice if it fails or refuses to hire or discharges "any individual, or otherwise … discriminate[s] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[]"or if it limits, segregates or classifies its employees or applicants for employment "in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

46.    By treating Noriega less favorably than her male counterparts, MVFD and MCESD discriminated against Noriega because of her gender, female.

47.    MVFD and MCESD acted with malice or reckless indifference with respect to the Title VII violation(s) described above.

48.    As a result of the Title VII violation(s) described above, MVFD and MCESD an liable to Noriega for compensatory damages (emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under Title VII. *See*, 42 U.S.C. §§ 1981a(a)(1), 1981a(b), 2000e-5.

### VI.  Count Two— Harassment Based on Sex in Violation of 42 U.S.C. § 2000e-2(a)

49.    Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50.    MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

51.    During Noriega's employment with MVFD and MCESD, the organizations were covered by Title VII.

52.    Under Title VII, an employer commits an unlawful employment practice if it fails or refuses to hire or discharges "any individual, or otherwise … discriminate[s] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[]"or if it limits, segregates or classifies its employees or applicants for employment "in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

53.    During Noriega's employment with MVFD and MCESD, she was subjected to unwelcome harassment based on her gender.

54.    Specifically, employees of MVFD and MCESD are encouraged to continue their education, attend industry trainings and conferences.

55.    However, during Noriega's employment with MVFD and MCESD, she was  denied training and certification opportunities as well as prohibited from attending trainings and conference while her male counterparts were allowed to continue their industry education by attending trainings and conferences.

56.    Noriega was intentionally excluded from Chief Hevey's meetings with her fellow male Assistant Chiefs.

57.    Ultimately Noriega was terminated for allegedly having a class A misdemeanor conviction while male employees with class A misdemeanor convictions were not terminated.

58.    The harassment was sufficiently severe or pervasive to affect a term, condition or privilege of Noriega's employment with MVFD and MCESD and/or to create a hostile or abusive work environment.

59.    MVFD and MCESD knew or should have known of the harassment and failed to take prompt remedial action.

60.    MVFD and MCESD acted with malice or reckless indifference with respect to the Title VII violation(s) described above.

61.    As a result of the Title VII violation(s) described above, MVFD and MCESD are liable to Noriega for compensatory damages (emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under Title VII. *See*, 42 U.S.C. §§ 1981a(a)(1), 1981a(b), 2000e-5.

## VII.  Count Three—
### Retaliation Based on Protected Activity in Violation of
### 42 U.S.C. § 2000e-3(a)

62.    Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63.    MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

64.    During Noriega's employment with MVFD and MCESD, the organizations were covered by Title VII.

65.    Under Title VII, an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

66.    By terminating Noriega almost immediately following her complaints of gender discrimination, MVFD and MCESD retaliated against Noriega based on protected activity.

67.    MVFD and MCESD acted with malice or reckless indifference with respect to the Title VII violation(s) described above.

68.     As a result of the Title VII violation(s) described above, MVFD and MCESD are liable to Noriega for compensatory damages (emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under Title VII. *See*, 42 U.S.C. §§ 1981a(a)(1), 1981a(b), 2000e-5.

## VIII.  Count Four—
### Discrimination Based on Gender in Violation of
### Tex. Lab. Code § 21.051

69.     Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

70.     MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

71.     During Noriega's employment with MVFD and MCESD, the organizations were covered by the TCHRA.

72.     Under the TCHRA, an employer "commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits,

segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee." Tex. Lab. Code § 21.051.

73.     By treating her less favorably than her male counterparts, MVFD and MCESD discriminated against Noriega because of her gender, female.

74.     MVFD and MCESD acted with malice or reckless indifference with respect to the TCHRA violation(s) described above.

75.     As a result of the TCHRA violation(s) described above, MVFD and MCESD are liable to Noriega for compensatory damages (future pecuniary losses and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under the TCHRA. *See*, Tex. Lab. Code §§ 21.258-21.259.

## IX.  Count Five—
### Harassment Based on Gender in Violation of
### Tex. Lab. Code § 21.051

76.     Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

– 14 –

77.     MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

78.     During Noriega's employment with MVFD and MCESD, the organizations were covered by the TCHRA.

79.     Under the TCHRA, an employer "commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee." Tex. Lab. Code § 21.051.

80.     During Noriega's employment with MVFD and MCESD, she was subjected to unwelcome harassment based on his gender, female.

81.     Specifically, employees of MVFD and MCESD are encouraged to continue their education, attend industry trainings and conferences.

82.     However, during Noriega's employment with MVFD and MCESD, she was denied training and certification opportunities as well as prohibited from attending

trainings and conference while her male counterparts were allowed to continue their industry education by attending trainings and conferences.

83.     Noriega was intentionally excluded from Chief Hevey's meetings with her fellow male Assistant Chiefs.

84.     Ultimately Noriega was terminated for allegedly having a class A misdemeanor conviction while male employees with class A misdemeanor convictions were not terminated.

85.     The harassment was sufficiently severe or pervasive to affect a term, condition or privilege of Noriega's employment with Def Short and/or to create a hostile or abusive work environment.

86.     MVFD and MCESD acted with malice or reckless indifference with respect to the TCHRA violation(s) described above.

87.     As a result of the TCHRA violation(s) described above, MVFD and MCESD are liable to Noriega for compensatory damages (future pecuniary losses and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under the TCHRA. *See*, Tex. Lab. Code §§ 21.258-21.259.

## X. Count Six—
### Retaliation Based on Protected Activity in Violation of
### Tex. Lab. Code § 21.055

88.    Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

89.    MVFD and MCESD employed Noriega from June 2019 until to December 31, 2021 as an Assistant Chief/Director of Communications.

90.    During Noriega's employment with MVFD and MCESD, the organization was covered by the TCHRA.

91.    Under the TCHRA, "[a]n employer commits an unlawful employment practice if the employer[] … retaliates or discriminates against a person who[] … (1) makes or opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Tex. Lab. Code § 21.055.

92.    By terminating her almost immediately following her complaints of discrimination, MVFD and MCESD retaliated against Noriega based on protected activity.

93.    MVFD and MCESD acted with malice or reckless indifference with respect to the TCHRA violation(s) described above.

94.     As a result of the TCHRA violation(s) described above, MVFD and MCESD are liable to Noriega for compensatory damages (future pecuniary losses and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under the TCHRA. *See*, Tex. Lab. Code §§ 21.258-21.259.

### XI.  Count Seven—
### Attorney's Fees Under 42 U.S.C. § 2000e-5(k)
### & Tex. Lab. Code § 21.259

95.     Noriega adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

96.     Noriega is authorized to recover attorney's fees (including expert fees) on her claims by statute. *See*, 42 U.S.C. § 2000e-5(k); *see also*, Tex. Lab. Code § 21.259.

97.     Noriega has retained the professional services of the undersigned attorneys.

98.     Noriega has complied with the conditions precedent to recovering attorney's fees.

99.     Noriega has incurred or may incur attorney's fees in bringing this lawsuit.

100.    The attorney's fees incurred or that may be incurred by Noriega were or are reasonable and necessary.

101.   MVFD and MCESD are liable to Noriega for attorney's fees (including expert fees) by reason of the Title VII and TCHRA violations described above. *See*, 42 U.S.C. § 2000e-5(k); *see also*, Tex. Lab. Code § 21.259.

## XII.  Conditions Precedent

102.   All conditions precedent have been performed or have occurred. *See*, Fed. R. Civ. P. 9(c).

## XIII.  Relief Sought

103.   Noriega demands the following relief:

   a. judgment against MVFD and MCESD in Noriega's favor for compensatory damages (emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future) and punitive damages, back pay (including interest on back pay), front pay, attorney's fees (including expert fees), plus interest and costs; and

   b. all other relief and sums that may be adjudged against MVFD and MCESD in Noriega's favor.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
    Melissa Moore
    Tex. Bar No. 24013189
    S.D. Tex. Bar No. 25122
    melissa@mooreandassociates.net
    Rochelle Owens
    Tex. Bar. No. 24048704
    S.D. Tex. Bar No. 590507
    rochelle@mooreandassociates.net


**ATTORNEYS FOR PLAINTIFF**